1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy R Lustig,<br><br>    Plaintiff/Judgment Creditor,<br><br>v.<br><br>Barbara Stone,<br><br>    Defendant/Judgment Debtor. | No. MC-18-00004-TUC-JGZ (BPV)<br><br>**ORDER** |

Pending before the Court is Defendant/Judgment Debtor Barbara Stone's "Motion for Disqualification of Judge Jennifer G. Zipps" (Doc. 40). Plaintiff/Judgment Creditor Roy Lustig filed a response (Doc. 37). Stone did not file a reply. For the following reasons, the Court will deny Stone's motion.

Stone seeks disqualification on several grounds. She challenges the Court's subject matter jurisdiction, she claims that Lustig is perpetuating a fraud on the Court, she objects to the short time span between issuance of the order setting the hearing on Objection to the Amended Answer of Garnishee and the actual hearing date. Stone also claims that she did not receive notice, or alternatively, timely notice of the hearing on the Objection to the Amended Answer of Garnishee.

None of Stone's claims present grounds for disqualification. Section 455(a) of Title 28 provides: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In addition, pursuant to section 455(b), a judge shall disqualify himself

"[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b). *See also Code of Conduct for United States Judges,* Canons 2 and 3. Because a judge is presumed to be impartial, the party claiming bias bears a substantial burden to show that the judge is not impartial. *See Langley v. Brown*, 2007 WL 1186263, at *2 (D. Ariz. April 19, 2007) (citing *Shafler v. HSBC Bank USA*, 2007 WL 578993 at *7 (N.D. Cal. February 21, 2007)).

This proceeding concerns the enforcement and execution of a December 7, 2015 judgment from the United States District Court for the Southern District of Florida. (*See* Docs. 4, 5, 9, 49). The Clerk of Court has issued writs of execution pertaining to the judgment. (Docs. 5, 9.) Stone's challenge to this Court's exercise of jurisdiction is not grounds for recusal. Any objection to jurisdiction is more appropriately addressed through a dismissal motion. To the extent that Stone's claims may be viewed as a challenge to the Court's rulings, any such challenges are more appropriately addressed on appeal. Further, Stone's complaints about Lustig have nothing to do with this Court's ability to be impartial. With regard to timing and notice of the hearing, Arizona statute requires that the hearing on objection to the answer of garnishee "shall be commenced within five days of the request, not including weekends and holdiays. . . ." A.R.S. § 12-1580(B). The hearing "may be continued for good cause . . . after due consideration of the importance of the judgment debtor's rights and the need for a speedy determination. . . . However, in no event shall the hearing be held later than ten days from the date of the request unless the request for a continuance is made by the judgment debtor." *Id.* Presumably, the statutory requirement of a prompt hearing is for the benefit of the judgment debtor whose assets are in jeopardy and may remain unavailable to the judgment debtor during the proceeding. The record reflects that the Court went to great lengths to ensure that Stone had notice of the hearing. The Court directed Lustig's counsel to show at the hearing that Stone received notice, and arrangements were made for Stone to appear telephonically. (Doc. 16.) Stone, in fact, appeared at the hearing

telephonically. At the hearing, Magistrate Judge Velasco continued the matter "[t]o provide all parties, including . . . Stone sufficient time to prepare for hearing on the objection . . . ." (Doc. 49 at 3; *see also* Doc. 28; Doc. 59 at 2.) Magistrate Judge Velasco has also directed the Clerk of Court to send Stone pertinent Court filings she said she did not have. (Docs. 35, 59; *see also* Doc. 39 (order directing Clerk to send docket sheets to Stone on a weekly basis).)

On the instant record, Stone fails to set forth a proper basis for disqualification. Nor does the Court find there is any other reason warranting recusal. Therefore,

IT IS ORDERED that Stone's Motion for Disqualification of Judge Jennifer G. Zipps (Doc. 40) is DENIED.

Dated this 31st day of August, 2018.

                                                  Honorable Jennifer G. Zipps
United States District Judge